# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Marqueth Wilson,** | ) | **CASE NO. 1:19 CV 2311** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | |
| **Sherwin Williams Company,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

## INTRODUCTION

This matter is before the Court upon the Notice of Removal filed by Defendant Sherwin Williams Company ("Defendant") of a Complaint brought by Plaintiff Marqueth Wilson ("Plaintiff") in the Cuyahoga County Court of Common Pleas. Doc. 1. Defendant removed this action pursuant to the Court's federal question (28 U.S.C. § 1331)[1] and diversity (28 U.S.C. § 1332)[2] jurisdiction. Subsequent to removal, Defendant filed a motion to dismiss the Complaint and for sanctions. Doc. 4.

For the reasons that follow, Defendant's motion to dismiss is granted.

---

[1] The Court has original jurisdiction over Plaintiff's claim for race discrimination under 42 U.S.C. § 1981. Doc. 1 ¶¶ 3-4.

[2] Plaintiff is a citizen of the State of Texas and Defendant is a corporation organized under the laws of the State of Ohio with its principal place of business in the State of Ohio. Plaintiff seeks damages in excess of $75,000.00. Doc. 1 ¶ 5.

**BACKGROUND**

As Defendant points out in the motion, this is the third[3] time that Plaintiff has raised the same or similar allegations and causes of action against Defendant in federal or state court in Ohio[4] stemming from an alleged contract dispute regarding a painting and wall covering project undertaken by Plaintiff with the North Texas Tollway Authority. Doc. 4-1 at 5, 8. In the first case Plaintiff filed in the Northern District of Ohio ("NDOH"), Plaintiff asserted four Texas state law claims (deceptive trade practices, negligence, breach of contract, and tortious interference with business relationships) and a single federal claim for race discrimination. That case was dismissed by this Court for failure to state a claim upon which relief may be granted. *Wilson v. Sherwin Williams Co.*, No. 1:18 CV 1606, 2018 WL 6433585 (N.D. Ohio Dec. 6, 2018), appeal dismissed sub nom. MARQUETH WILSON Plaintiff - Appellant v. SHERWIN-WILLIAMS COMPANY Defendant - Appellee, No. 19-3050, 2019 WL 7603381 (6th Cir. Aug. 7, 2019). In the second case, Plaintiff raised the same factual allegations and state and federal causes of action against Defendant, and that action was dismissed as barred by the doctrine of *res judicata*. *Wilson v. Sherwin Williams Co.*, No. 1:19 CV 337, 2019 WL 2192172 (N.D. Ohio May 21, 2019). In the third action, originally filed in the Cuyahoga County Court of Common Pleas and now before this Court upon removal by Defendant,

---

[3] Defendant also states that Wilson filed a fourth action in Texas state court captioned *L.C. Brown and Walls by Wilson v. The Sherwin-Williams Company*, Case No. DC-17-05279, 162nd Judicial District Court, Dallas County, Texas. According to the motion, that case was dismissed on August 3, 2017, because Wilson had been declared a vexatious litigator and was prohibited from filing new *pro se* litigation in a Texas state court without permission of the local administrative judge. Doc. 4-1 at 5-6.

[4] The Court may take judicial notice of prior litigation on its own docket and of state court proceedings. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 540 F. Supp. 2d 900, 902 n.1 (S.D. Ohio 2007) (citing *St. Louis Baptist Temple, Inc. v. Fed. Dep. Ins. Corp.*, 605 F.2d 1169 (10th Cir. 1979); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736 (6th Cir. 1980)).

Plaintiff again raises the same claims arising out of the same factual allegations as in the two above-described federal court actions. *See* Doc. 1-1.

In the motion to dismiss, Defendant argues that the instant action should be dismissed on the grounds of *res judicata* or, alternatively, for failure to state a plausible claim upon which relief may be granted. *See* Doc. 4-1 at 8-10. Defendant served a copy of the motion to dismiss upon Plaintiff at his address of record. *See* Doc. 4 at 2. As of the date of this ruling, Plaintiff has not opposed or otherwise responded to Defendant's motion.

### DISCUSSION

#### Standard of Review

Defendant moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion may be premised on *res judicata*, as is the basis of Defendant's motion here. *See Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776, 779 (6th Cir. 2000). When considering such a motion, a court primarily focuses upon the allegations of the complaint, "although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)). The allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999). However, "a court is not required to accept as true unwarranted legal conclusions and/or factual allegations." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 327 (6th Cir. 2006).

#### Analysis

Plaintiff's Complaint in this removed action is again subject to dismissal based upon the

doctrine of *res judicata*. The doctrine of *res judicata* provides that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). The doctrine precludes relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id*. at 660-61. The purpose of the doctrine is to promote the finality and certainty of judgments, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). A subsequent action will be subject to the *res judicata* bar only if there is "an identity of the causes of action[,] that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Id*.

In this case, Plaintiff asserts the same legal claims stemming from the same factual allegations that he raised in the action he filed in this Court in July 2018, which was dismissed on the merits. *See Wilson,* 2018 WL 6433585. Plaintiff's Complaint, therefore, is barred by the doctrine of *res judicata*, and Defendant's Rule 12(b)(6) motion to dismiss is granted.

### **Sanctions**

In addition to moving for dismissal, Defendant asks this Court to sanction Plaintiff pursuant to 28 U.S.C. § 1927 and the Court's inherent powers, and bar Plaintiff from filing further lawsuits based upon the allegations in the Complaint. Doc. 4-1 at 10-13.

Plaintiff's *pro se* status is not a license for him to harass others and clog court dockets with meritless lawsuits. *See McKenna v. Nestle Purina Petcare Co.*, No. 2:08-CV-253, 2009 WL 799637, at *5 (S.D. Ohio Mar. 24, 2009) (citations omitted). That said, *pro se* parties are

entitled to more latitude than licensed attorneys with respect to sanctionable conduct. Therefore, before imposing sanctions, it is appropriate to first warn Plaintiff that the Court may impose sanctions upon him if he files future actions concerning the same or similar factual allegations and claims asserted in the instant action and two prior actions filed in the NDOH. *See McKenna v. Nestle Purina PetCare Co.*, No. C2-05-976, 2011 WL 14418, at *4 (S.D. Ohio Jan. 3, 2011) (citing *Donkers v. Simon*, 173 F. App'x 451, 454 (6th Cir. 2006)).

Accordingly, Defendant's motion for sanctions is denied without prejudice.

**Plaintiff is strongly cautioned and warned** that if he files future actions in the NDOH (or in an action that is removed to the NDOH) against Defendant concerning the factual allegations and legal claims asserted in NDOH Case Nos. 1:18 CV 1606, 1:19 CV 337, and 1:19 CV 2311, or files additional motions or pleadings in any of these three cases, he may be subject to sanctions that include, but are not limited to, designation as a vexatious litigator, denial of the privilege of proceeding *in forma pauperis*, and monetary sanctions. *See Billheimer v. Rose*, No. C-3-02-565, 2003 WL 22327952, at *5 n.5 (S.D. Ohio Aug. 20, 2003) (declining to impose sanctions on *pro se* plaintiffs but warning that the filing of future meritless lawsuits may result in the imposition of sanctions); *Huff v. First Energy Corp.*, No. 5:12CV2583, 2014 WL 4103950, at *1 (N.D. Ohio Aug. 18, 2014) (enjoining plaintiffs from filing new pleadings, motions or documents without the court's permission after plaintiffs disregarded the court's warning that future filing abuses may lead to sanctions) (collecting cases); *Douglas v. City of Cleveland*, No. 1:12 CV 1145, 2012 WL 4753365, at *7 (N.D. Ohio Oct. 4, 2012) ("In light of Plaintiff's history of filing meritless federal lawsuits, this Court cautions Plaintiff that continued efforts to file patently frivolous complaints may result in sanctions being issued against him.").

**CONCLUSION**

For all of the foregoing reasons, Defendant's motion to dismiss is granted, and this case is closed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal by Plaintiff from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                          /s/ Patricia A. Gaughan
                                          PATRICIA A. GAUGHAN
                                          United States District Judge
                                          Chief Judge

Dated: 2/5/20